UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LHF PRODUCTIONS, INC., <br><br> Plaintiff, <br> v. <br><br> DOE 1, et al., <br><br> Defendants. | Case No. C17-254 RSM <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME TO SERVE COMPLAINT |

This matter comes before the Court on Plaintiff LHF Productions, Inc.'s ("LHF") motion for an extension of time to serve its Amended Complaint. Dkt. #12. For the reasons discussed herein, LHF's motion is GRANTED in part and DENIED in part.

LHF filed its Complaint on February 17, 2017. Dkt. #1. In its Complaint, LHF alleged eighteen Doe Defendants participated in the same BitTorrent "swarm" to infringe the same unique copy of the movie *London Has Fallen*. *Id*. ¶¶ 12-14, 18, 23, 28. Because the identities of the Doe Defendants were unknown, LHF filed, and the Court granted, a motion for limited expedited discovery. Dkts. #5 and #8. This limited expedited discovery allowed LHF to serve a Rule 45 subpoena on identified Internet Service Providers ("ISP"s), who would in turn provide customer information associated with particular Internet Protocol ("IP") addresses to LHF. Here,

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME
TO SERVE COMPLAINT — 1

the Court granted LHF's motion for expedited discovery on March 22, 2017. *See* Dkt. #8. LHF notified the identified ISPs of the Rule 45 subpoena that same day, and the ISPs were given until April 24, 2017, to produce the requested subscriber information. *See* Dkt. #13, Ex. A at 2.

Under Rule 4(m) of the Federal Rules of Civil Procedure, LHF had 90 days, in this case until May 17, 2017, to serve its complaint on the identified defendants. *See* FED. R. CIV. P. 4(m). However, "due to a delivery issue," LHF explains it did not receive the identity of subscribers associated with a particular IP address until May 2, 2017. Dkt. #12 at 2. As a result, LHF contends it did not have enough time to notify the identified subscribers of its lawsuit, nor did it have enough time to determine if a subscriber is the appropriate defendant. *Id*. at 2-3. LHF further explains that because identified subscribers may be "sensitive to being identified in this case," it usually sends subscribers "multiple written notices" in an effort to either resolve the matter, or provide subscribers an opportunity to identify the party responsible for the alleged copyright infringement. *Id*. at 2. Given these circumstances, LHF asks the Court for a 60-day extension of time to serve its Amended Complaint. The Court does not agree that a 60-day extension of time is warranted.

While courts must extend the time for service where a plaintiff shows good cause for failure to serve within the required timeframe, LHF has not shown good cause exists to grant a 60-day extension. FED. R. CIV. P. 4(m). As an initial matter, the Court notes the ISP did not unexpectedly delay identifying its subscribers. LHF has submitted an email chain, *see* Dkt. #13, Ex. C, which demonstrates LHF knew of the ISP's need for an extension of time on March 28, 2017. LHF was not only aware of the ISP's need, it unilaterally granted the ISP's request. This extension of time moved the ISP's production deadline from April 24, 2017, to May 3, 2017. As a result, the three and a half weeks LHF would have had to serve the identified subscribers, was

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME TO SERVE COMPLAINT — 2

shortened to two weeks. Given LHF's unilateral decision to grant the ISP an extension of time, the Court finds it disingenuous for LHF to now represent to the Court that an ISP "delivery issue," prevented them from receiving the requested subscriber information on time. The Court also does not understand why, given LHF's knowledge of the ISP's eight-day delay, LHF did not move the Court for an extension of time on March 28, 2017. Instead, LHF waited until the night before its 90-day window was set to close to seek a 60-day extension of time. *See* Dkt. #12.

LHF's conduct within the two-week timeframe after it obtained the subscriber identifications also concerns the Court. After obtaining subscriber identities, LHF did not amend its Complaint and begin its attempts to serve the defendants. Instead, LHF engaged in what can only be described as unsanctioned discovery. *See* Dkt. #13, Ex. E. LHF explains that it was not until May 2, 2017, that it "first had the ability to notify the subscribers of the lawsuit, let alone name the subscribers as the presumptive responsible party." Dkt. #12 at 2. However, receipt of subscriber identities is not, as LHF appears to think, an opportunity for it to "notify the subscribers of the lawsuit." That purpose is accomplished by the service of a complaint. And, if LHF is not confident that it can name an identified subscriber as a defendant, it must turn to the Court for recourse. LHF cannot circumvent the Federal Rules of Civil Procedure through its own informal, unregulated discovery efforts. Expedited discovery was granted for the limited purpose of obtaining the identities of the subscribers of the IP addresses that allegedly infringed LHF's copyright. As courts in this district have explained, if the information provided by an ISP does not allow plaintiffs to identify a defendant, plaintiffs must seek an order for further limited discovery from the Court. *See* Case No. C13-0228-RSM-RSL, Dkt. #10 at 7-8. LHF is thus advised that the Court does not condone its use of "multiple written notices."

Although the Court acknowledges a 90-day timeframe to identify and serve defendants in

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME TO SERVE COMPLAINT — 3

BitTorrent cases can be challenging, timely service can nonetheless be accomplished. Here, LHF had two weeks, between May 2, 2017, and May 17, 2017, within which to mail its requests for waiver of service. However, instead of using those two weeks to comply with Rule 4(d), LHF instead sent the identified subscribers one of its "multiple written notices." *See* Dkt. #13, Ex. E. While the Court does not condone unsanctioned discovery, rather than dismiss this matter, the Court will grant LHF a **30-day extension**, calculated from the date of the filing of this Order, to accomplish service.

Dated this 19th day of May 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE